IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RYDEX TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 13-662-RGA |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| ANIMAS CORPORATION, and | ) | |
| JOHNSON & JOHNSON SERVICES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF DEFENDANTS ANIMAS CORPORATION AND
JOHNSON & JOHNSON SERVICES, INC.**

Defendants Animas Corporation ("Animas") and Johnson and Johnson Services, Inc. ("J&J Services") (collectively, "Defendants") for their answer ("Answer") to Plaintiff's Complaint for Patent Infringement ("Complaint") state as follows:

**NATURE OF THE ACTION**

1. Defendants admit that the Complaint purports to state a cause of action arising under the patent laws of the United States, 35 U.S.C. § 1 *et. seq.*  Defendants deny the remaining allegations contained in Paragraph No. 1 of the Complaint.

**THE PARTIES**

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 2 of the Complaint.

3. Defendants admit that Animas is a Delaware corporation with its principal place of business in West Chester, Pennsylvania.  Defendants admit that Animas sells and offers to sell portable insulin delivery systems throughout the United States, including in this judicial district. Defendants deny the remaining allegations contained in Paragraph No. 3 of the Complaint.

4.   Defendants admit that J&J Services is a New Jersey corporation with its principal place of business in New Brunswick, New Jersey.  Defendants deny the remaining allegations contained in Paragraph No. 4 of the Complaint.

## JURISDICTION AND VENUE

5.   Defendants admit that the Complaint purports to state a cause of action arising under the patent laws of the United States, 35 U.S.C. § 1 *et. seq.*  Defendants deny the remaining allegations contained in Paragraph No. 5 of the Complaint.

6.   Defendants admit that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  Defendants deny the remaining allegations contained in Paragraph No. 6 of the Complaint.

7.   Defendants admit that Plaintiff asserts that venue is proper in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  Defendants deny the remaining allegations contained in Paragraph No. 7 of the Complaint.

8.   Defendants admit that Animas has conducted business throughout the United States, including within the State of Delaware and within this judicial district.  Defendants deny the remaining allegations contained in Paragraph No. 8 of the Complaint.

## ANSWER TO COUNT I

9.   Defendants repeat and restate the responses to Paragraphs Nos. 1-8 as if set forth fully herein.

10.   Defendants admit that Exhibit A purports to be a copy of U.S. Patent No. 5,913,180 ("the '180 patent"), entitled "Fluid Delivery Control Nozzle"; that June 15, 1999, is listed as the date of issuance on Exhibit A; that Exhibit B purports to be a copy of a re-examination certificate for the '180 patent; and that April 26, 2011, is listed as the date of

issuance on Exhibit B.  Defendants deny the remaining allegations contained in Paragraph 10 of the complaint.

11.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 11 of the Complaint.

12.  Defendants admit that Animas manufactures, sells and offers for sale a portable insulin delivery system known as the Animas OneTouch Ping in the United States.  Defendants deny the remaining allegations contained in Paragraph No. 12 of the Complaint.

13.  Defendants admit that J&J Services received a letter from Catherine Kirkland of Farney Daniels PC regarding claims by Rydex on April 9, 2013.  Defendants deny the remaining allegations contained in Paragraph No. 13 of the Complaint.

14.  Defendants deny the allegations contained in Paragraph No. 14 of the Complaint.

15.  Defendants admit that Animas manufactures, sells and offers for sale a portable insulin delivery system known as the Animas OneTouch Ping.  Defendants admit that Animas provides instructions for use of the Animas OneTouch Ping in the United States.  Defendants deny the remaining allegations contained in Paragraph No. 15 of the Complaint.

16.  Defendants deny the allegations contained in Paragraph No. 16 of the Complaint.

17.  Defendants deny the allegations contained in Paragraph No. 17 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses and reserve the right to seek to amend their Answer to add additional affirmative defenses as additional information becomes available.

## FIRST DEFENSE

18.  The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

19.     Defendants do not and have not directly or indirectly infringed, either literally or under the doctrine of equivalents, actively induced others to infringe, or contributed to others' infringement of any claim of the '180 patent.

## THIRD DEFENSE

20.     The claims of the '180 patent are invalid for failure to comply with the U.S. patent laws including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## FOURTH DEFENSE

21.     Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate and/or irreparable, and Plaintiff has an adequate remedy at law.

## FIFTH DEFENSE

22.     By reasons of proceedings in the United States Patent and Trademark Office during the prosecution of the applications which resulted in the '180 patent, as well as any reexamination proceedings relating to the '180 patent, and by reasons of the arguments, admissions, representations, statements and/or amendments made therein by or on behalf of the applicant for the '180, Plaintiff is estopped from construing the claims of the '180 to cover and/or include any acts of Defendants.

## SIXTH DEFENSE

23.     To the extent that Plaintiff, or any of its licensees to the '180 patent, failed to properly mark any of its relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Defendants' actions actually infringed the '180 patent, Defendants are not liable to Plaintiff for the acts alleged to have been performed before Defendants received notice that asserted that Defendants were infringing the '180 patent.

SEVENTH DEFENSE

24. Plaintiff is barred from recovering pre-filing damages, in whole or in part, with respect to the '180 patent under one or more of the doctrine of laches, equitable estoppel, waiver and/or the statute of limitations.

EIGHTH DEFENSE

25. Plaintiff's remedies, if any, are limited by the doctrines of absolute and/or equitable intervening rights by 35 U.S.C. §§ 307 and 252.

**DEMAND FOR JURY TRIAL**

26. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants demand a trial by jury of this action.

WHEREFORE, Defendants pray that this Court dismiss Plaintiff's Complaint in its entirety with prejudice, award judgment for Defendants on the Complaint, award Defendants their attorneys' fees, grant Defendants such other and further relief as the Court deems just and proper, and further find:

A. That Plaintiff has no right to recover for direct or indirect infringement of the '180 patent;

B. That Defendants have not infringed, directly or indirectly, the '180 patent and that Plaintiff is not entitled to injunctive relief in this case;

C. That Defendants have not damaged Plaintiff and that Plaintiff is not entitled to an accounting or an award from Defendants of damages, interest or costs in this action;

D. That the '180 patent is invalid and not infringed; and,

E. That Plaintiff is not entitled to the relief requested or any other relief in this case.

|  |  |
|---|---|
|  | ASHBY & GEDDES |
|  |  |
|  | */s/ Lauren E. Maguire* |
|  | _____ |
|  | Steven J. Balick (#2114) |
|  | Lauren E. Maguire (#4261) |
|  | Andrew C. Mayo (#5207) |
|  | 500 Delaware Avenue, 8th Floor |
|  | P.O. Box 1150 |
|  | Wilmington, DE  19899 |
| *Of Counsel:* | (302) 654-1888 |
|  | sbalick@ashby-geddes.com |
| David T. Pritikin | lmaguire@ashby-geddes.com |
| Hugh A. Abrams | amayo@ashby-geddes.com |
| James Zirkle |  |
| Sidley Austin LLP | *Attorneys for Defendants* |
| One South Dearborn |  |
| Chicago, IL  60603 |  |
| (312) 853-7000 |  |

Dated: July 2, 2013