**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RYDEX TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ANIMAS CORPORATION, JOHNSON & JOHNSON SERVICES, INC.,<br><br>Defendants. | C. A. No. 13-662-RGA |
| RYDEX TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>B. BRAUN MEDICAL, INC. and B. BRAUN MELSUNGEN AG,<br><br>Defendants. | C. A. No. 13-663-RGA |
| RYDEX TECHNOLOGIES, LLC.,<br><br>Plaintiff,<br><br>v.<br><br>BAXTER INTERNATIONAL, INC.,<br><br>Defendant. | C. A. No. 13-664-RGA |

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2014 MAY 16 AM 9:21

RYDEX TECHNOLOGIES, LCC,

Plaintiff,

v. : C. A. No. 13-665-RGA

CAREFUSION CORPORATION,

Defendant.

---

RYDEX TECHNOLOGIES, LLC,

Plaintiff,

v. : C. A. No. 13-667-RGA

HAEMONETICS CORPORATION,

Defendant.

---

RYDEX TECHNOLOGIES, LLC,

Plaintiff,

v. : C. A. No. 13-668-RGA

HOSPIRA, INC.,

Defendant.

---

RYDEX TECHNOLOGIES, LLC.,

Plaintiff,

v. : C. A. No. 13-671-RGA

MEDRAD, INC.,

Defendant.

---

**ORDER**

At Wilmington, this **16th** day of **May , 2014**

A teleconference regarding mediation was held on May 15, 2014 in the above-captioned matters. As a result, IT IS ORDERED as follows:

1. On or before **May 29, 2014**, each party or each party group shall email to Magistrate Judge Thynge, with a copy to her Judicial Administrator, Cathleen Kennedy, the following information:

a. Whether any discussions have occurred between plaintiff and a defendant/defendant group regarding settlement; roughly when those discussions occurred; who was included/involved in those discussions (e.g., principals or party representations, in house counsel, outside counsel, etc.); status of the settlement discussions; and, if applicable, the party's understanding why discussions ended, or why they have not occurred. Plaintiff will need to address this provision for each defendant or each defendant group.

b. Timing of when a party believes mediation would be most beneficial/productive (e.g., pre- or post-claims construction briefing after *Markman* but before any decisions, after a Markman decision is rendered, etc.) and a brief explanation why.[1]

c. Whether there are additional matters/issues (e.g. indemnity from non-parties) of which the court should be aware affecting a party's position on

---

[1] Depending on the information in response to paragraph 1, plaintiff may need to address this provision for each defendant or each defendant group.

mediation and the timing of mediation.[2]

d. For each defendant or defendant group who has received a settlement demand or engaged in settlement discussions where settlement numbers were raised, a summary of its impressions/comments/thoughts regarding plaintiff's proposal for settlement, or its counterproposal. Each defendant/defendant group shall advise if any follow up teleconferences are to occur whether they should be confidential and the order not docketed.

2. Each defendant/defendant group shall advise whether it requests a teleconference with the court regarding paragraphs 1(a) through (d) either separately or with plaintiff involved.

3. In composing their email submissions, the parties should consider that the purpose for the information ordered is to enable the court to determine whether, when and with whom follow up discussions regarding mediation should occur.

Local counsel are reminded of their obligations to inform out-of-state counsel of this order. To avoid imposition of sanctions, counsel shall advise the Court immediately of any problems regarding compliance with this Order.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE

[2] Depending on the information in response to the previous paragraphs, plaintiff may need to address this provision for each defendant or each defendant group.